UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. HANKINS,<br>    Petitioner,<br>  v.<br>K. SIEBEL, Warden,<br>    Respondent. | Case No. CV 15-2564 BRO (JCG)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

  On April 7, 2015, petitioner Lawrence L. Hankins ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Notably, it is his second federal petition challenging a 1996 state court judgment of conviction and sentence. [*See id.* at 10.] Thus, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction. *See* 28 U.S.C. 2244(b).

  By way of background, Petitioner first challenged his conviction and sentence in 1998 ("1998 Petition"). [Dkt. No. 1 at 10.] The 1998 Petition was denied. [*See* C.D. Cal. Case No. CV 98-6901 WMB (VAP), Dkt. Nos. 15, 17, 18.]

  Now, in the instant Petition, Petitioner seeks to challenge the *same* 1996 judgment of conviction and sentence. (Pet. at 2.) However, Petitioner has failed to

1

1  obtain the Ninth Circuit's authorization to file a "second or successive" petition. *See*
2  28 U.S.C. 2244(b). Petitioner contends that the Ninth Circuit's authorization is not
3  required because he "is only challenging the sentence and not the conviction . . . ."
4  [Dkt. No. 1 at 6-7.] However, Petitioner misstates the relevant inquiry, which is
5  whether the Petition seeks to challenge the same *judgment* of conviction and sentence
6  as the previous federal habeas petition.[1] *See Burton v. Stewart*, 549 U.S. 147, 156-57
7  (2007) (holding that a "judgment" challenged under 28 U.S.C. § 2254 comprises a
8  state court conviction and sentence).

9        Thus, because the Petition challenges the same judgment of conviction and
10 sentence as the 1998 Petition, it is an unauthorized "second or successive" petition.
11 *See id.*; 28 U.S.C. § 2244(b).

12       Accordingly, the Court must dismiss this action for lack of jurisdiction. *See id.*
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28 [1] Moreover, Petitioner mischaracterizes his 1998 Petition, which also challenged his sentence. [*See* C.D. Cal. Case No. CV 98-6901 WMB (VAP), Dkt. No. 15, at 9-20.]

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that a certificate of appealability be DENIED because Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2015

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE