# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. HANKINS,<br><br>Petitioner,<br><br>v.<br><br>K. SIEBEL, Warden,<br><br>Respondent. | Case No. LA CV 15-2564 BRO (JCG)<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT** |

The Court has considered Petitioner's "Motion to Vacate Judgment Pursuant [to] Federal Rule[] of Civil Procedure . . . 60(b)" ("Motion"). [Dkt. No. 6.] Therein, Petitioner requests that the Court vacate its April 17, 2015 Judgment, which dismissed this action on the grounds that Petitioner's federal habeas petition was an unauthorized "second or successive" petition. [Dkt. Nos. 4-5]; *see* 28 U.S.C. § 2244(b).

For the reasons discussed below, the Motion is **DENIED**.

By way of background, on April 7, 2015, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Notably, the Petition was Petitioner's *second* federal habeas petition challenging a 1996 state court judgment. [*See id.* at 10.] Thus, under 28 U.S.C. § 2244(b), Petitioner was required to obtain the Ninth Circuit's authorization before filing a "second or successive" petition. *See* 28 U.S.C. § 2244(b).

1

In his Petition, Petitioner argued that the Petition was not "second or successive" because he was "challenging the sentence and not the conviction . . . ." [Dkt. No. 1 at 6-7.]

However, the Court rejected Petitioner's argument, explaining that the Petition was "second or successive" because both of Petitioner's federal habeas petitions challenged the same state court *judgment* under 28 U.S.C. § 2254. [*See* Dkt. No. 4 at 2]; *see also Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (holding that a "judgment" challenged under 28 U.S.C. § 2254 comprises a state court conviction and sentence).

Now, Petitioner contends that the Court "failed inadvertently to distinguish" *Burton*, and that his most recent habeas "challenge falls outside the spirit of *Burton*." (Mot. at 2-3.) But Petitioner fails to explain why this Court's citation to *Burton* was inapposite, nor why the referenced proposition is incorrect.[1] *Cf. Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that use of "judgment" in 28 U.S.C. § 2244(d)(1)(A) "refers to the judgment of conviction and sentence").

Thus, the Court concludes that it made no legal error. *See* Fed. R. Civ. P. 60(b)(1).

Accordingly, IT IS ORDERED THAT Petitioner's Motion is **DENIED**.

//
//
//
//
//
//
//

---

[1] Moreover, Petitioner continues to mischaracterize his 1998 federal habeas petition, in which Petitioner challenged his conviction *and* his sentence. [*See* C.D. Cal. Case No. LA CV 98-6901 WMB (VAP), Dkt. No. 15, at 9-20.]

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether the Court is correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 18, 2015

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge